IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FLORENCE LACY,

   Plaintiff,

  v.

CLAYTON COUNTY, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:18-CV-3464-TWT

## OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendant Clayton County's Motion for Judgment on the Pleadings [Doc. 5]. For the reasons set forth below, the Defendant Clayton County's Motion for Judgment on the Pleadings is GRANTED.

### I. Background

On March 7, 2016, the Plaintiff Florence Lacy appeared in state court for unspecified traffic citations.[1] The citations were not resolved on that date. Instead, the Plaintiff was released by the Solicitor General until a future date.[2] The state court provided the Plaintiff with two "work/school excuses" for her

---

   [1]     Compl. ¶¶ 9-10 [Doc. 1, Ex. A].

   [2]     *Id.* ¶ 10.

March 7 court date.³ On March 9, 2016, a bench warrant was issued for the Plaintiff for failure to appear at her March 7 court date.⁴ The Plaintiff was subsequently arrested at her place of work on April 18, 2016.⁵ She was released after posting bond on April 20, 2016.⁶

The Plaintiff filed suit in state court bringing state law claims against Defendant Clayton County and two unidentified County employees for (1) false arrest and malicious prosecution;⁷ (2) negligent hiring, training, and supervision;⁸ (3) vicarious liability;⁹ and (4) punitive damages.¹⁰ The Plaintiff subsequently filed an Amended Complaint adding a 42 U.S.C. § 1983 claim for violation of the Plaintiff's Fourth Amendment Rights.¹¹ The Defendant County timely removed the case to this Court.¹²

---

³ *Id.* ¶ 11.

⁴ *Id.* ¶ 12.

⁵ *Id.* ¶ 13.

⁶ *Id.*

⁷ Compl. ¶¶ 14-21.

⁸ *Id.* ¶¶ 22-24.

⁹ *Id.* ¶¶ 25-27.

¹⁰ *Id.* ¶¶ 28-29.

¹¹ Am. Compl. ¶¶ 30-33 [Doc. 3].

¹² Def.'s Notice of Removal [Doc. 1].

## II. Legal Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."[13] A motion for judgment on the pleadings is subject to the same standard as is a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[14] A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[15] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[16] In a ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[17] Generally, notice pleading is all that is required for a valid

---

[13] *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002).

[14] *See, e.g., M.H.D. v. Westminster Schools*, 172 F.3d 797, 802 n.12 (11th Cir. 1999) ("If the court concludes that the . . . statute provides no relief . . . then it properly dismisses that cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 12(c)."); *Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6).

[16] *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

[17] *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[18] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[19]

## III. Discussion

### A. State Law Claims Against the Defendant County

The Plaintiff's state law claims against Clayton County should be dismissed because the County is entitled to sovereign immunity.[20] Sovereign immunity is waived only as specifically provided for by statute or constitutional provision.[21] The Plaintiff's claims do not fall under any statutory exceptions to state sovereign immunity.[22] The Plaintiff contends that the Georgia Tort Claims Act waives the Defendant County's sovereign immunity in this case. But "[t]he waiver of sovereign immunity contained in the Georgia Tort Claims Act does not

---

[18] *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[19] *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

[20] *Gilbert v. Richardson*, 264 Ga. 744, 747 (1994) (holding that state sovereign immunity extends to counties).

[21] Ga. Const. art. IX, § 2, ¶ IX ("The General Assembly may waive the immunity of counties, municipalities, and school districts by law."); O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.").

[22] The state has, for example, waived the sovereign immunity in cases involving negligent operation of a motor vehicle insured by the county, *see* O.C.G.A. § 33-24-51, and in cases arising under the state's whistleblower statute, *see Colon v. Fulton Cty.*, 294 Ga. 93, 95 (2013) (holding that O.C.G.A. § 45-1-4 "sets forth a specific waiver of the County's sovereign immunity and the extent of such waiver.").

apply to counties."[23] Therefore, the Plaintiff's various state law tort claims against the Defendant County should be dismissed.

Because the Plaintiff cannot sustain her underlying tort claims, the Plaintiff's claim for punitive damages under state law should also be dismissed.[24] Even if the Plaintiff's underlying claims had survived dismissal, the Plaintiff's claim for punitive damages would still be dismissed because Georgia state law does not permit awards of punitive damages against governmental entities except in limited circumstances not present here.[25]

### B. § 1983 Claims Against the County

The Plaintiff alleges that the Defendant County is liable under § 1983 for violations of the Plaintiff's Fourth Amendment rights.[26] There is no respondeat superior liability for a municipality under § 1983.[27] A municipality can be liable under § 1983 only when execution of its official "policy or custom" is the "moving

---

[23] *Currid v. DeKalb State Court Prob. Dep't*, 285 Ga. 184, 188 (2009) (citing O.C.G.A. § 50-21-22(5)).

[24] *Perkins v. Thrasher*, 701 F. App'x 887, 891 (11th Cir. 2017) (holding that Georgia state law claims for punitive damages are derivative of underlying tort claims and must be dismissed if the underlying substantive claims are dismissed).

[25] *See City of Kingsland v. Grantham*, 342 Ga. App. 696, 700 (2017) ("[The plaintiff] has no valid claim for punitive damages since punitive damages are not allowed against a governmental entity.") (citing *MARTA v. Boswell*, 261 Ga. 427, 427–428 (1991)).

[26] Am. Compl. ¶¶ 30-33.

[27] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

force" behind a constitutional violation.[28] The plaintiff must show "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."[29] The Amended Complaint contains no reference to any official policy attributable to the Defendant County.[30] Nor does the Complaint allege facts tending to show the existence of a widespread custom that gave rise to the Plaintiff's injury.[31] The Plaintiff's own experience in isolation is not enough to establish a widespread custom, and the Plaintiff does not point to any other examples of the Defendant County's employees wrongfully issuing bench warrants.[32] The Plaintiff's § 1983 claim against the Defendant County should be dismissed.

---

[28]  *Id.* at 694.

[29]  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (*citing City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

[30]  In her briefing, the Plaintiff alleges that the Defendant County "has a custom in place for issuing bench warrants for failing to appear[.]" Pl.s' Resp. to Def.s' Mot. for Judgment on the Pleadings, at 4-5. It is undoubtedly true that the Defendant County issues bench warrants for failure to appear. But the Plaintiff contends that the Defendant County's employees issued a bench warrant despite the fact that she *did* appear for her court date. As such, the "custom" identified by the Plaintiff could not have caused her injury.

[31]  *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003) ("A custom or practice, while not adopted as an official formal policy, may be so pervasive as to be the functional equivalent of a formal policy.") (citations omitted).

[32]  *Id.* ("A single incident would not be so pervasive as to be a custom or practice."); *see also Braddy v. Florida Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998).

Although not clear from the Complaint, the Plaintiff's briefing suggests that she is claiming punitive damages under § 1983.[33] Because the Plaintiff's underlying § 1983 claim is dismissed, the Plaintiff's claim for punitive damages should also be dismissed. The Plaintiff's claim for punitive damages fails on the additional ground that municipalities are immune from punitive damages under § 1983.[34]

Before turning to the Plaintiff's claims against the John Doe Defendants, it should be noted that Count 2 of the Complaint alleges that the Defendant County negligently failed to train its employees.[35] The Defendant County treats Count 2 as raising a state law claim in its briefing, and the Plaintiff does not appear to dispute that characterization.[36] The Complaint, however, does not specify the source of law for this claim. There are limited circumstances in which "a local government's decision not to train certain employees… may rise to the level of an official government policy for the purposes of § 1983."[37] Insofar as the

---

[33] Pl.s' Resp. to Def.'s Mot. for Judgment on the Pleadings, at 11-12.

[34] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

[35] Compl. ¶¶ 22-24.

[36] *See* Def.s' Br. in Supp. of Judgment on the Pleadings, at 1-2 [Doc. 5-1] (characterizing the Plaintiff's failure-to-train claim as a state law claim); *accord* Pl.'s Resp. to Def.s' Mot. for Judgment on the Pleadings, at 4-6 (not discussing the Plaintiff's failure-to-train claim in the context of the Defendant County's § 1983 liability).

[37] *Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394, 396 (11th Cir. 2012) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Plaintiff is raising a § 1983 failure-to-train claim, however, the Plaintiff has not pleaded facts with sufficient particularity to survive dismissal. Count 2 of the Complaint merely states in conclusory fashion that the Defendant County failed to train its employees. It does not identify any aspects of the Defendant County's training regimen that are inadequate. It does not identify any previous cases in which the Defendant County's failure to train employees resulted in constitutional deprivations. And it does not allege any facts tending to show that the County policymakers were deliberately indifferent to the Plaintiff's constitutional rights. Therefore, insofar as Count 2 of the Plaintiff's Complaint raises a federal claim, that claim should be dismissed.

### C. Claims Against John Doe Defendants

The Plaintiff raises state and federal law claims against two unidentified Defendants designated as John Doe #1 and John Doe #2 in the Complaint.[38] Fictitious-party pleading is generally not permitted in federal court.[39] In *Dean v. Barber*, the Eleventh Circuit recognized a limited exception in cases where the plaintiff might be unable or unwilling to use the defendant's true name, or where the plaintiff's description is so specific that it renders the "Doe" designation mere surplusage.[40] This case does not fall within that exception. In

---

[38] Compl. ¶¶ 3-4.

[39] *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

[40] *Dean v. Barber*, 951 F.2d 1210, 1215, 1215 n.6 (11th Cir. 1992). The plaintiff in *Dean* was a pro se prisoner who attempted to sue the head of the jail

this case, the Plaintiff has described the two "John Does" in broad and ambiguous terms. The Complaint states that "John Doe #1" and "John Doe #2" are "unidentified and unknown county employee[s], who at all times relevant hereto [have] been or [were] acting within the course and scope of [their] employment with Defendant Clayton County or acting as [authorized agents] for same and caused and contributed to the incident that is the subject of this Complaint."[41] The Complaint could be describing any number of County employees involved in the County court system. In her briefing, the Plaintiff argues that she is "able to identify that it was a Clayton County State Court employee and/or Clayton County Assistant Solicitor General working in the Clayton County Solicitor General's office."[42] This qualifying statement fails to meaningfully narrow the universe of potential John Does and falls far short of the level of specificity required to warrant an exception.

In recent years, district courts in the Eleventh Circuit have allowed plaintiffs to bring claims against fictitious parties where limited expedited discovery is "needed" to determine the identity of such persons.[43] Thus far,

---

at which he was held. The Eleventh Circuit reasoned that there was no question that the proposed defendant existed and that he could easily be identified for service. *Id.* The Plaintiff was also waiting on a "special report" from the Sheriff that would have identified the head of the jail by name. *Id.* at 1215.

[41] Compl. ¶¶ 3-4.

[42] Pl.'s Resp. to Def.'s Mot. for Judgment on the Pleadings, at 10.

[43] *Quad Int'l, Inc. v. Doe*, No. CIV.A. 12-673-N, 2013 WL 105253, at *3 (S.D. Ala. Jan. 7, 2013); *see also Breaking Glass Pictures, LLC v. Does 1-99*,

however, this trend appears to have been limited to cases in which the plaintiff is raising claims against anonymous internet users whose identities can only be determined from subpoenas served on internet service providers. The Plaintiff in this case has not indicated what efforts, if any, were made to discover the identities of the County employees responsible for issuing the bench warrant. Nor has the Plaintiff made any showing that this information can be acquired only through discovery. This Court sees no reason to extend this exception to this case, particularly in light of the binding Eleventh Circuit precedent already discussed. Therefore, the Plaintiff's claims against "John Doe #1" and "John Doe #2" should be dismissed.

## IV. Conclusion

For the foregoing reasons, the Defendant Clayton County's Motion for Judgment on the Pleadings [Doc. 5] is GRANTED.

SO ORDERED, this 4 day of October, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

No. 1:13-CV-0882-AT, 2013 WL 8336085, at *4 (N.D. Ga. Apr. 12, 2013); *Raw Films, Inc. v. Does 1-32*, No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *1 (N.D. Ga. Dec. 29, 2011).